UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Miriam Kingoff,

                       Plaintiff,

          -against-

Baker, Govern & Baker, Inc.,

                   Defendant.
----------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

# 13 CV 1262
## JUDGE BRICCETTI

      Plaintiff Miriam Kingoff (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, as and for her Complaint against Defendant Baker, Govern & Baker, Inc. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of 15 U.S.C. Sec. §1692 *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, "FDCPA").

2.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debtor collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer" Clomon v. Jackson, 998 F.2d 1314 (2d Cir. 1993)

3.    The Second Circuit has held that "Under the FDCPA, the debt collector has the obligation, not just to convey the validation notice information, but to convey it clearly" See Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85 (2d Cir. 2008). This Court went on

to provide "A notice of debt collection overshadows or contradicts the validation notice, required under the FDCPA, if it would make the least sophisticated consumer uncertain as to her rights".

## PARTIES

4.      Plaintiff is a natural person and a resident of the State of New York, County of Rockland. Plaintiff maintains her residence at 2 Fosse Court, Monsey, New York 10952.

5.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6.      Upon information and belief, Defendant is a foreign corporation authorized to conduct business in the State of New York. Upon further information and belief, Defendant is engaged in the business of collecting incurred and allegedly incurred debts, and is a collection firm with its principal place of business located at 7771 W. Oakland Park Boulevard, Suite 240, Fort Lauderdale, Florida 33351.

7.      Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.  Indeed, upon information and belief, on a website maintained by the Defendant, Defendant informs visitors to the site that "Baker, Govern & Baker is an internationally recognized debt collection agency and outsourcing corporation".   Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the FDCPA.

8.      Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as " Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for

2

family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

9.      Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

12.     Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14.     Plaintiff allegedly incurred a debt for freight bills.

15.      Beginning in or around March 23, 2012, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

16.     On or about March 23, 2012, Defendant sent a letter ("Exhibit A") in which the balance due was listed as $182.56 (see "Exhibit A").

17.     In said letter, Defendant did not prominently include a 30 day validation notice of Plaintiff's rights. The validation notice was in very small print, at the bottom of the letter. This overshadowed Plaintiff's dispute rights.

18.     Said letter also demanded payment within 10 days, which also overshadowed Plaintiff's dispute rights.

19.     In said letter, Defendant threatened to coordinate litigation, despite the fact that it had no intention to do so in the immediate future.

20.     Indeed, as of this date, Plaintiff has not been served with a lawsuit for the Alleged Debt.

21.     As a result of the Defendant's deceptive, false, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692g)

22.     Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered"1" through "21" above with the same force and effect, as if the same were set forth at length herein.

23.     Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692g(a), 1692g(b), and 1692g(c) by failing to convey the validation notice information in a clear way and in a way that would cause confusion to the least sophisticated consumer.

24.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

4

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e)

25.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.     Defendant's actions as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692e by using false, deceptive, and misleading representation or means in connection with the debt collection.

27.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

28.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Miriam Kingoff demands judgment from the Defendant Baker, Govern & Baker, as follows:

A.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.   For a declaration that the Defendant's practices violated the FDCPA; and,

D.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

5

Dated: New York, New York
       February 21, 2013

                         Respectfully submitted,

                         By: _____
                             FREDRICK SCHULMAN, ESQ. (FS2664)
                             Fredrick Schulman & Associates
                             Attorneys for Plaintiff
                             30 East 29TH Street
                             New York, New York 10016
                             (212) 796-6053
                             (212) 951-7379
                             info@fschulmanlaw.com